# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN E. ASHCRAFT,**

      **Petitioner,**

v.                              **CIVIL ACTION NO. 2:10cv11**
                                                 **(Judge Maxwell)**

**DAVID BALLARD, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. Introduction

On January 20, 2010, Brain Ashcraft, a *pro se* petitioner, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Southern District of West Virginia. Because the petition concerned the petitioner's conviction in the Circuit Court of Harrison County, West Virginia, the case was transferred to this Court on January 27, 2010. Although the petitioner attached a copy of both his appeal and his state habeas petition, he did not indicate what grounds he was raising in his federal petition for habeas relief. Therefore, on February 23, 2010, an Order was entered directing the petitioner to complete and file a form petition. On March 22, 2010, the petitioner filed a form petition for habeas relief pursuant to 28 U.S.C. § 2254. Upon an initial review of said petition, the undersigned determined that it might be untimely. Accordingly, by order filed March 24, 2010, the respondent was directed to file an answer to the petition on the limited issue of timeliness. On April 16, 2010, the respondent filed an Answer and Motion to Dismiss asserting that the petition was, indeed, untimely. On April 23, 2010, a <u>Roseboro</u> Notice was issued to the petitioner, and on May 4, 2010, he filed a response. Accordingly, this matter is ripe for review.

### II. Factual Background

On November 1, 2000, the petitioner was convicted by a jury of one count of First Degree Murder with a recommendation of mercy; one count of Voluntary Manslaughter; and one Count of Carrying a Concealed Deadly Weapon without a permit. (Dckt. 23-1, p. 7). By order entered November 27, 2000, the petitioner was sentenced to jail for one year for Carrying a Concealed Deadly Weapon and to consecutive sentences in the penitentiary for life with mercy for Murder and fifteen years for Voluntary Manslaughter. (Dckt. 23-1, p. 8).

After obtaining a 60-day extension of time, the petitioner appealed his conviction to the West Virginia Supreme Court on August 7, 2001. The court denied the petition on February 5, 2002. (Dckt. 23-2, p. 3).

The petitioner filed a *pro se* petition for writ of habeas corpus in the Harrison County Circuit Court on March 29, 2005. Thereafter, David Frame was appointed as counsel for the petitioner and subsequently, Stephen Frame was appointed as substitute counsel. (Dckt. 23-3, p. 2). The circuit court denied the petition by order entered on September 4, 2008. (Dckt. 23-3, p. 5).

On March 27, 2009, the petitioner by counsel, Stephen S. Fitz, appealed the denial of his petition for writ of habeas corpus the West Virginia Supreme Court. The court denied the petition on June 17, 2009. (Dckt. 23-4, p. 3).

### III. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises three grounds for relief. First, he alleges that his trial counsel was ineffective and gives five specific examples. Second, he alleges that the trial court erred by allowing his six year old daughter to testify. Finally, he alleges that the trial court incorrectly and erroneously instructed the jury.

### IV. Respondent's Motion To Dismiss

In his motion to dismiss, the respondent argues that this matter is untimely under AEDPA's period of limitations for filing a federal habeas corpus petition. Furthermore, the respondent argues that there no tolling provisions, including equitable tolling, which apply to this case. Accordingly, the respondent seeks a dismissal of this case.

## V. Petitioner's Reply

In reply to the motion to dismiss, the petitioner argues that equitable tolling should apply due to inaction on the part of the attorney he retained to file his appeal, and in the event that the appeal was denied, a state habeas petition. More specifically, the petitioner alleges that this inaction constitutes extraordinary circumstances beyond his control and external to his own conduct.

## VI. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

The petitioner's direct appeal was refused on February 5, 2002. The petitioner did not file a petition for certiorari. Therefore, his conviction became final on May 6, 2002, the date the time for filing a petition for certiorari expired.[1] Consequently, the petitioner had one year from May 7, 2002, or until May 6, 2003, to file a §2254 petition. The petitioner did not take any action during that one year period. In fact, the petitioner did not file his state habeas petition until March 29,

---

[1]Pursuant to Rules 13.1 and 13.3 of the United States Supreme Court Rules, a request for further review of the petitioner's conviction by petition for certiorari could have been filed within the 90-day period following the denial of his direct appeal.

2005, after the one year limitations period had ended. Thus, his state habeas petition did not toll the one year limitations period. Therefore, because the statute of limitations had expired on May 6, 2003, and there is no event which tolled the statute of limitations, the petitioner filed his §2254 petition more than six years after the statute of limitations had expired and it is, therefore, untimely. The undersigned recognizes that the time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

The petitioner argues that he retained Jeffrey Freeman to file his state appeal, and in the event that the same was denied, a state habeas petition. The petitioner alleges that he and his family fired Mr. Freeman after he failed to file a petition for state habeas in the thirteen months between the date his direct appeal was entered and April 12, 2003. Moreover, the petitioner alleges that during a phone conversation with his (the petitioner's) step-father, Mr. Freeman indicated that the one year limitations period did not begin running until the state habeas petition was denied. Accordingly, a fair reading of the petition and reply to the respondent's motion to dismiss establishes that the petitioner is arguing that his counsel's negligence in failing to file a state habeas petition in a timely fashion is grounds for equitable tolling. However, the circuit courts have held that a lawyer's mistake or negligence is not justification for equitable tolling. *See*

5

Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's mistake in calculating limitations periods did not toll the one year statute of limitations); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that no grounds for equitable tolling existed when the delay occurred because Sandvik's attorney mailed the §2255 petition by ordinary mail instead of express mail); Gilbert v. Secretary of Health and Human Services, 51 F.3d 254, 257 (Fed. Cir. 1995)(holding that the negligence of Gilbert's attorney in reading the applicable statute did not justify equitable tolling). Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)(holding that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.") Accordingly, the failure of the petitioner's attorney to file a state habeas petition prior to the expiration of the § 2554 statute of limitations does not present an extraordinary circumstance to justify tolling the statute of limitations.

## VI. Recommendation

For the foregoing reasons, it is hereby recommended that the respondent's Motion to Dismiss (Dckt. 23) be **GRANTED**; the petitioner's Motion to Stay be **DENIED AS MOOT**[2]; and the petition filed pursuant to 28 U.S.C. §2254 be **DENIED and DISMISSED WITH PREJUDICE** because it is untimely.

---

[2]On March 16, 2010, the petition filed a Motion to Stay the proceedings in this matter pending a "reconsideration from the West Virginia Supreme Court." On June 30, 2009, the petitioner filed a motion with the West Virginia Supreme Court asking the Court to alter, amend, or reconsider its order of June 17, 2009, which refused his petition for appeal from the circuit court's denial of his habeas petition. However, that motion was denied on September 9, 2009, well before the petitioner filed his Motion to Stay. (Dckt. 23-5).

6

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

Dated: 5-21-2010

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE