**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**BRIAN E. ASHCRAFT,**

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:10-CV-11**
　　　　　　　　　　　　　　　　　　　　　　　**(BAILEY)**

**DAVID BALLARD, Warden,**

    Respondent.

## ORDER ADOPTING THE CONCLUSION CONTAINED IN THE REPORT AND RECOMMENDATION

**I.　　Introduction**

On this day, the above-styled matter came before this Court upon consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. Pursuant to local rule, this action was referred to Magistrate Judge Joel for submission of a report and recommendation ("R & R"). Magistrate Judge Joel filed his R & R on May 21, 2010 [Doc. 28]. In that filing, the magistrate judge recommended that this Court dismiss the § 2254 petition [Doc. 1] with prejudice as untimely.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of receipt of the R & R, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service of the R & R was accepted on May 24, 2010. See Doc. 29. Petitioner timely filed his Objections on June 1, 2010. See Doc. 30. Since the filing of the R&R, the United States Supreme Court has spoken on the issue of equitable tolling of the one-year AEDPA statute of limitations. *See* **Holland v. Florida**, No. 09-5327, 2010 U.S. LEXIS 4946 (June 14, 2010). Accordingly, this Court has undertaken a *de novo* review of the R&R and the objections thereto in their entirety.

## II.    Factual and Procedural History

On November 1, 2000, the petitioner was convicted by a jury of one count of First Degree Murder with a recommendation of mercy; one count of Voluntary Manslaughter; and one Count of Carrying a Concealed Deadly Weapon without a permit. [Doc. 23-1, p. 7]. By order entered November 27, 2000, the petitioner was sentenced to jail for one year for Carrying a Concealed Deadly Weapon and to consecutive sentences of life with mercy for Murder and fifteen years for Voluntary Manslaughter. [Doc. 23-1, p. 8].

After obtaining a 60-day extension, the petitioner appealed his conviction to the West Virginia Supreme Court on August 7, 2001. The court denied the petition on February 5, 2002. [Doc. 23-2, p. 3]. The petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

The petitioner filed a *pro se* petition for writ of habeas corpus in the Harrison County

Circuit Court on March 29, 2005. [Doc. 23-3, p. 2]. The circuit court denied the petition by order entered on September 4, 2008. [Doc. 23-3, p. 5].

On March 27, 2009, the petitioner, by counsel, appealed the denial of his petition for writ of habeas corpus the West Virginia Supreme Court. The Court denied the petition on June 17, 2009. [Doc. 23-4, p. 3]. The instant § 2254 petition was filed in this Court January 20, 2010.

### III. Applicable Law

In 1996, Congress passed the AEDPA, establishing a one-year limitations period for all federal habeas corpus petitions. Under the Act, the limitations period begins to run from the last of:

1. The date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

2. The date on which the impediment to filing a motion created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;

3. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); ***Hill v. Braxton***, 277 F.3d 701 (4th Cir. 2002); ***Harris v.***

*Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

**IV.     Discussion**

    **A.     AEDPA and Statutory Tolling**

Turning to the case at bar, it is apparent to this Court that the petition is untimely. The petitioner's direct appeal was refused on February 5, 2002, and he did not file a writ of certiorari to the United States Supreme Court; therefore, his conviction became final on May 6, 2002.[1] Accordingly, the statute of limitations under the AEDPA ran one year later on May 6, 2003, the date the time in which to file a petition for certiorari expired. The petitioner's state habeas petition was filed on March 29, 2005, after the AEDPA time limitation had already expired. Accordingly, since the state petition was not filed until well after the one-year period, no event triggered tolling of the statute of limitations. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). The instant § 2254 petition was not filed in this Court until January 20, 2010. In effect, the petitioner has filed the instant petition more than six years late. Thus, the petition is untimely unless the petitioner can show that the petition can be salvaged by the doctrine of equitable tolling.

    **B.     Equitable Tolling**

In his Objections, the petitioner simply recasts his previous arguments but asks this

---

[1] Pursuant to Rules 13.1 and 13.3 of the United States Supreme Court Rules, a request for further review of a petitioner's conviction by petition for certiorari could have been filed within the 90-day period following the denial of his direct appeal.

Court to consider the recent United States Supreme Court opinion in *Holland v. Florida*, No. 09-5327, 2010 U.S. LEXIS 4946, at *7 (June 14, 2010). This Court notes that the R&R predates the *Holland* decision. Therefore, this Court has performed an extensive review of this petition in light of this governing case law.

The Supreme Court in *Holland* ruled that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." No. 09-5327, 2010 U.S. LEXIS 4946, at *7. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*, at *30 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, at 415 (2005)).

Prior to *Holland*, the Fourth Circuit applied equitable tolling to extraordinary circumstances such as "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In other words, the Fourth Circuit's "extraordinary circumstance" test required a petitioner to show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 251 (4th Cir. 2003)(restating *Harris*, 209 F.3d at 330).

In *Holland*, the petitioner made repeated efforts to remind his attorney that his habeas petition needed to be timely filed. *Holland*, Syl. at 1-2. Nevertheless, his attorney filed his § 2254 petition late after having failed to properly research the tolling date. *Id.* Holland's attorney also failed to update the petitioner with crucial information regarding the

5

date his state court conviction became final, thus limiting Holland's ability to pursue the matter with different counsel or *pro se*. *Id*. The petitioner asked the federal district court to equitably toll the AEDPA limitations period in light of his attorney's sustained professional misconduct. The court denied his request, stating that the facts of the petitioner's case did not amount to "extraordinary circumstances." *Id*.

The Supreme Court disagreed. The Court held as too rigid the Eleventh Circuit rule that "attorney conduct that is 'grossly negligent' can never warrant tolling absent 'bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Id.* at *30 (quoting **Holland v. Florida**, 539 F.3d 1334, at 1339 (11th Cir. 2008)). The Supreme Court reasoned that "courts of equity can and do draw upon decisions made in other similar cases for guidance . . . but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case," contrasting the Eleventh Circuit's "rigid rules" applied on a "per se" basis. *Id*. at *31-33.

Although **Holland** narrows the test for equitable tolling somewhat, the Fourth Circuit's "extraordinary circumstance" test for equitable tolling, as set forth in **Harris**, remains virtually unchanged. The **Harris** rule is not "rigid" or mechanical like the rule struck down by the Supreme Court in **Holland**. Rather, **Harris** is in harmony with **Holland's** requirement that a court of equity examine the facts of each case to make a fairness decision, thus avoiding the "evils of archaic rigidity." **Holland**, 2010 U.S. LEXIS 4946, at *31 (internal citations omitted). Moreover, **Holland's** focus on petitioner conduct, through the addition of the diligence element, confirms that the **Harris** rule rightly attenuates courts of equity by preventing the loss of "the rule of law to whims about the adequacy of excuses,

6

divergent responses to claims of hardship, and subjective notions of fair accommodation." *Harris*, 209 F.3d at 330.

Thus, reading *Holland* and *Harris* together, in order to establish an entitlement to equitable tolling, a petitioner must show that (1) he has been diligently pursuing his rights and (2) some extraordinary condition external to his own conduct made timely filing impossible if he is to benefit from the doctrine of equitable tolling.

This Court has thoroughly reviewed the correspondences between the petitioner and his attorney contained in Exhibit 1 and finds petitioner's argument for equitable tolling to be unavailing. The event upon which the petitioner alleges must trigger equitable tolling is his counsel's neglect to file his state habeas petition. He further contends that such neglect caused the petitioner to rely on counsel's advice to wait to file the state petition.

At the outset, this Court does recognize that there was no petition filed in state court within the one-year AEDPA limitation. As previously noted, that period expired May 6, 2003. As of May 5, 2003, however, the petitioner was under the impression that the AEDPA limitations period had already expired. Convinced that his attorney was negligently pursuing his state habeas petition, the petitioner had gone as far as drafting his own *pro se* petition. To this end, this Court does believe that the petitioner was diligently pursuing his rights; however, he did not file his petition because he mistakenly believed that the limitations period had already run.

The petitioner now contradicts his previous assertions that he believed the AEDPA period had expired. The petitioner maintains that his attorney informed him that the limitations period had *not* run. However, he has clearly displayed that while the period had

7

not run, he had a petition ready to file, yet he awaited his attorney's response to file it. This clearly does not amount to a showing that some extraordinary condition external to his own conduct made timely filing impossible. Indeed, as of the petitioner's April 12, 2003, letter in which he informs counsel that he is being fired for not filing a habeas petition, the limitations period had not expired. The petitioner was free to file his own § 2254 petition at any time.

The petitioner argues that he relied on conversations between his family and counsel regarding the limitations period and, based on these conversations, he did not file his state petition. Although arguably true, this is not a complete recitation of the pertinent facts. In fact, the notes from the conversation to which the petitioner refers in Exhibit 1 indicate that this conversation occurred on May 23, 2003. At that point, the AEDPA period had already expired. Thus, any incorrect advice counsel may have given the petitioner's family regarding the applicable limitations nevertheless would not toll the AEDPA period because its one-year limitation period had already run.

Accordingly, this Court finds that the failure of the petitioner's attorney to file a state habeas petition prior to the expiration of the § 2554 statute of limitations does not present an extraordinary circumstance to justify tolling the statute of limitations.

**V.     Conclusion**

Upon careful review of the R & R, it is the opinion of this Court that the Magistrate Judge's conclusion in his Report and Recommendation **[Doc. 28]** should be, and the same

is, hereby **ORDERED ADOPTED**.[2] Therefore, the Respondent's Motion to Dismiss Petition as Untimely Filed **[Doc. 23]** is hereby **GRANTED**, and the petitioner's Motion to Stay **[Doc. 17]** be **DENIED AS MOOT**. Accordingly, this Court **DISMISSES WITH PREJUDICE** the petitioner's § 2254 petition **[Doc. 1]** and **ORDERS** it **STRICKEN** from the active docket of this Court.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong (citing **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

---

[2] This Court rejects the magistrate judge's reasoning that "the failure of the petitioner's attorney to file a state habeas petition prior to the expiration of the § 2254 statute of limitations does not present extraordinary circumstance." Although this Court agrees after a thorough examination of this petitioner's specific set of circumstances, the magistrate judge appears to apply the type of rigid conclusion which **Holland** seeks to foreclose.

**DATED:** December 2, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE